# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>v.<br><br>Agustin Cortes-Salcedo,<br><br>　　　　　Defendant/Movant. | No. CV-13-0424-PHX-ROS (ESW)<br>　　CR-12-1246-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Agustin Cortes-Salcedo's ("Movant") "Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 8) (the "Amended Motion to Vacate"). For the reasons set forth below, the undersigned recommends that the Court dismiss without prejudice the Amended Motion to Vacate for failure to prosecute.

## I. BACKGROUND

On September 3, 2013, the Court summarily dismissed the Amended Motion to Vacate. (Doc. 9). Movant appealed the dismissal to the Ninth Circuit Court of Appeals. (Doc. 11). The Ninth Circuit appointed appellate counsel for Movant. (Doc. 13). On March 10, 2015, the Ninth Circuit issued its mandate vacating the Court's September 3, 2013 judgment and remanding the case to the Court for further proceedings. (Doc. 16).

On March 25, 2015, the Court ordered the Government to answer Movant's Amended Motion to Vacate and referred the matter to Magistrate Judge Mark E. Aspey

for a Report and Recommendation.[1] (Doc. 18 at 3). The Order required Movant to file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. (*Id*. at 2). The Court warned Movant that failure to comply with that requirement may result in dismissal of this action. (*Id*.).

The Government and Movant's appellate counsel[2] have stated that Movant was released from custody in December 2014 and was deported to Mexico. (Doc. 20; Doc. 23 at 3). Movant's appellate counsel notified the Court that Movant's last known address is the federal prison where Movant served his sentence. (Doc. 20).

On January 19, 2016, the Court ordered that by February 3, 2016, Movant must either (i) file a notice of change of address or (ii) show cause why this case should not be dismissed for failure to file and serve a notice of change of address. (Doc. 24 at 2). The Court's Order advised Movant that failure to timely comply with the Order may result in the dismissal of this action without further notice. (*Id*.). The Clerk of Court mailed the Order to Movant's last known address. As of the date of this Report and Recommendation, Movant has not responded to the Court's January 2016 Order.

## II.  LEGAL STANDARDS AND ANALYSIS

"A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A party's failure to keep the Court informed of his or her address constitutes failure to prosecute. *See id*. at 1440-41.

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633. In determining whether Movant's failure to

---

[1] The matter was reassigned to the undersigned Magistrate Judge on May 18, 2015. (Doc. 22).

[2] Movant is acting pro se in this Section 2255 proceeding. The Court denied the "Motion for Determination of Counsel" (Doc. 17) filed by Movant's appellate counsel. (Doc. 19).

prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [Respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

While the fourth factor above weighs against dismissal of this case, factors one through three above favor dismissal. Movant's failure to keep the Court informed of his address prevents this case from proceeding. In addition, the Court warned Movant multiple times that the Court may dismiss his case for failure to file and serve a notice of a change of address. (Doc. 7 at 2-3; Doc. 18 at 2; Doc. 19 at 3; and Doc. 24 at 2). Regarding the fifth factor, the undersigned finds that dismissing the case with prejudice would be unnecessarily harsh given the availability of the less drastic sanction of dismissal without prejudice. Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies").

### III. CONCLUSION

Based on the foregoing discussion,

**IT IS RECOMMENDED** that the Court dismiss without prejudice the Amended Motion to Vacate (Doc. 8) for failure to prosecute.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied as the undersigned finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling.[3]

---

[3] "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability]

**Effect of Recommendation**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 4th day of February, 2016.

_____
Eileen S. Willett
United States Magistrate Judge

---

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).